**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **6:06-CR-50** |
| | § | |
| **TERRY SMITH** | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Motion to Suppress Physical Evidence (Search with a Warrant) (Doc. No. 23), and the Government's response. Pursuant to 28 U.S.C. § 636(b)(1)(A) and the Local Rules for the United States District Court for the Eastern District of Texas, by order of the District Court, this matter was referred to the undersigned magistrate judge for a hearing and submission of findings of fact and a report and recommendation on Defendant's motion. Having carefully considered the parties' filings, the arguments of counsel at the August 17, 2006 hearing, and the applicable law, the Magistrate Judge RECOMMENDS that Defendant's motion be DENIED.

**BACKGROUND**

On October 21, 2005, Officer England executed a sworn affidavit in support of a search warrant. Officer England identified the suspect as a "black male known as Terry Smith ("Smith")." The affidavit stated that Smith was in charge of and controlled a suspected place described as a "duplex located at 1305 Gray Street in Longview, Gregg County Texas." The affidavit described the duplex in detail. The affidavit further stated that Smith "has possession of, and is concealing within said suspected place . . . [a] quantity of cocaine kept in violation of the Texas Controlled Substance Act."

The affidavit set forth the following facts to support the issuance of a search warrant:

4. AFFIANT HAS PROBABLE CAUSE FOR THE SAID BELIEF BY REASON OF THE FOLLOWING FACTS, TO WIT:
That, Affiant is a certified peace officer employed by the Longview Police Department and is currently assigned to the Gregg County Drug Enforcement Unit and has been a peace officer for over 24 years.
That, Affiant was contacted by a confidential informant, who advised that he/she had been to the location listed in paragraph one within the past 48 hours prior to the issuance of this warrant, and did at that time observe the suspected party listed in paragraph two in possession of a quantity of cocaine.
That, Affiant believes the confidential informant's information to be true and reliable, because the confidential informant has provided Affiant with information in the past relating to narcotics traffic, and that information did prove to be true and correct.
That, Affiant knows that the confidential informant is familiar with the appearance of cocaine.

Officer England further requested the Court to authorize a "No Knock" entry into the residence based on his experience and training that persons involved in narcotics trafficking commonly possess weapons. Officer England further asserted that "[t]he Affiant has been told by the confidential informant that the person listed in number 2 above owns a handgun and keeps the handgun at the residence listed in number 1 above."

Based on the information provided by Officer England in his sworn affidavit, a magistrate judge issued a search warrant on that same date. Officers of the Gregg County Organized Drug Enforcement Unit executed the search warrant and arrested Smith.

Defendant Smith has filed a motion seeking to suppress all evidence arising out of the execution of the search warrant. At the suppression hearing, the parties stipulated as to the authenticity of the warrant and affidavit attached to the Government's response. The issue presented to the Court is whether the search warrant executed by law enforcement officers on the day in question was a "bare bones" warrant, thereby precluding the officers' reliance on the "good-faith

exception." *See United States v. Leon*, 468 U.S. 897, 922-923 (1984).

Defendant argues that the affidavit in this case is "bare bones" in that it contains bald-faced unsupported conclusions that the suspect is in "possession" of a quantity of cocaine. According to Defendant, the term "possession" is conclusory because the affidavit does not place the suspected party at the location, only the informant. He claims the affidavit merely ties a quantity of cocaine to the person of the suspect; there is nothing to tie the possession with the location. The only tie to the location, according to Defendant, is that the informant could be placed at the house. Further, Defendant argues that the affidavit tells nothing about the veracity of the confidential informant, such as how many times the confidential informant provided information or the fact that information from the confidential informant led to arrests or convictions, and that the affidavit contains only information that is known to the general public.

Due to the deficiencies, Defendant argues that the affidavit does not set out enough relevant facts to form a substantial basis to issue a warrant. While Defendant concedes that reasonable inferences are permissible, Defendant argues reasonable inferences are impossible without underlying facts that give rise to the inferences.

The Government views Defendant's arguments as "hyper-technical" and argues that the Court should adopt the perspective of the police officers rather than grade the paper of the magistrate. Under the good-faith exception, the Government argues that the correct perspective is, given the totality of the circumstances, were the police officers operating under a good-faith belief of the sufficiency of the warrant. According to the Government, the issue presented to the Court is not whether the officer presented probable cause to the magistrate, but whether the police could rely on the search warrant.

## LEGAL ANALYSIS

When considering a motion to suppress evidence obtained pursuant to a search warrant, the Court conducts a two-step process. *See United States v. Gibbs*, 421 F.3d 352, 356-57 (5th Cir. 2005) (citing *United States v. Dortch*, 199 F.3d 193, 197 (5th Cir. 1999)). First, the Court determines whether the "good-faith exception" to the exclusionary rule applies; if it does not, the Court must ascertain whether the warrant was supported by probable cause. *Id.* at 355.

*The Leon Good-Faith Exception*

The good-faith exception provides that evidence obtained by law enforcement officials acting in objectively reasonable good-faith reliance upon an otherwise facially valid search warrant is admissible. *United States v. Leon*, 468 U.S. 897, 922-923 (1984). Normally, issuance of a warrant by a magistrate suffices to establish good faith on the part of law enforcement officers who conduct a search warrant pursuant to the warrant. *Leon*, 468 U.S. at 922-23.

However, an officer's reliance on the warrant is not objectively reasonable and, therefore, not entitled to the good-faith exception to the exclusionary rule if: (1) the magistrate abandons his detached and neutral role and acts as a rubber stamp; (2) the magistrate was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (3) an affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) a warrant is so facially deficient, i.e., in failing to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid. *Id.* at 923. The third situation applies where an affidavit is "bare bones," and that is the situation urged by Defedant.

The standard applied by a court for the sufficiency of an affidavit is whether the "totality of

the circumstances" stated in the affidavit demonstrates probable cause to search either the premises or the person. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). A police officer may rely in good faith on the validity of a warrant so long as the warrant is supported by more than a "bare bones" affidavit. *United States v. Cisneros*, 112 F.3d 1272, 1278 (5th Cir. 1997). However, a warrant based on a "bare bones" affidavit that is obviously insufficient to establish probable cause does not justify an officer's reliance. *See United States v. Cherna*, 184 F.3d 403, 406 (5 th Cir. 1999), *cert. denied*, 529 U.S. 1065 (2000).

A bare bones affidavit contains "wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." *United States v. Laury*, 985 F.2d 1293, 1311 n. 23 (5th Cir. 1993). An affidavit is bare bones when the affidavit merely alleges that the police officer "has cause to suspect and does believe" that contraband is located on the premises of the place to be searched. *United States v. Brown*, 941 F.2d 1300, 1301 n. 1 (5th Cir. 1991) (quoting *Nathanson v. United States*, 290 U.S. 41 (1933)). Similarly, an affidavit is bare bones when the affidavit alleges merely that police officers "have received reliable information from a credible person and do believe" that contraband would be found. *Brown*, 941 F.2d at 1303 n. 1 (quoting *Aguilar v. Texas*, 378 U.S. 108 (1964)).

Additionally, an affidavit may rely on hearsay, such as an informant's report, so long as it presents "a substantial basis for crediting the hearsay." *Illinois v. Gates*, 462 U.S. 213, 241-42 (1983). When probable cause derives from information that the police have obtained from an informant, the totality of the circumstances hinges on: (1) the nature of the information; (2) whether there has been an opportunity for the police to see or hear the matter reported; (3) the veracity and the basis of knowledge of the informant; and (4) whether there has been any independent verification

of the matters reported through police investigation. *See Gates*, 462 U.S. at 235-40.

*Sufficiency of the Affidavit*

In the instant case, the affidavit relies on the observations of a confidential informant who relates that, within the past 48 hours, he went to the home identified as being in control of Terry Smith and observed the suspected party in possession of a quantity of cocaine. The affidavit states that the affiant believes the information of the confidential informant to be true and reliable, because the confidential informant has provided the affiant with information in the past relating to narcotics traffic and that information proved to be true and correct. The affiant stated that the confidential informant is familiar with the appearance of cocaine. He stated that the confidential informant told the affiant that Smith owns a handgun and keeps it at the residence identified as the duplex controlled by Smith.

However, the affidavit is silent on whether there has been an opportunity for the police to see or hear the matter reported or whether there has been any independent verification of the matters reported through police investigation. *Id.* at 235-40; *see also United States v. Fisher*, 22 F.3d 574 (5th Cir. 1994) (stating that "in determining the sufficiency of an affidavit we examine the totality of the circumstances, including the veracity, reliability, and basis of knowledge of a confidential informant").

The Court is mindful of the cautionary instruction issued by Judge Rodriquez that a prudent police officer would likely strive to provide a magistrate with much more detail in support of a search warrant. *United States v. Gallegos*, 2005 WL 1323296, at *9 (W.D. Tex. June 2, 2005). In *Gallegos*, the affiant presented an affidavit for search warrant substantially similar to one in the instant case:

> Affiant did on this 10th day of January, 2004 receive information from a credible and reliable person who has on previous occasions given affiant information regarding the trafficking and possession of a controlled substance which has proved to be true and correct . . ., that the said credible and reliable person, did within the last FORTY-EIGHT HOURS see a controlled substance, to wit: COCAINE unlawfully possessed by the above described individual at 817 S. PINTO. . . .

*Id.*, at *1. Judge Rodriguez opined, in line with Defendant's argument in this case, that "it is likely that an *anonymous* tip that "Roland" was in control of the premises at 817 S. Pinto and was in possession of cocaine at the premises would not be sufficient to support a finding of probable cause, or of the good faith exception." *Id.*, at *9 (emphasis in original). However, Judge Rodriguez looked to the fact that the confidential informant in that case was known to the affiant and had provided credible and reliable information as to drug trafficking in the past as an important factor in determining whether the affidavit contained indicia of probable cause so as to fall outside the "bare bones" category. *Id.*

As Judge Rodriguez opined in *Gallegos*, some level of corroboration would have made this warrant unquestionably valid. *Id.* "Affidavits in support of search warrants are routinely held to be sufficient to establish probable cause where they are supported by personal observations of the police officer, or where there has been some type of controlled infiltration of the suspected residence, such as controlled purchases of contraband from the suspect, or where information is provided by the informant as to the precise location of the contraband. Had any of these measures been conducted, there would be little questions that the affidavit, containing this information, would have provided probable cause of the issuance of the search warrant." Id., at *9.

Like the affidavit at issue in *Gallegos*, the affidavit in this case "is near the outer boundary of what is acceptable to evidence such indicia of probable cause that a reasonable police officer

could be expected to rely upon it." *Id.* Nonetheless, the Fifth Circuit has held that affidavits similar to the one at issue in this case may satisfy the good-faith exception standard. In *United States v. McKnight*, the Fifth Circuit reviewed the following affidavit:

> Affiant has received information from Raymond Cooke, . . . a licensed peace officer for the State of Texas who told the affiant he had received information from a Confidential Informant that he knows to be reliable and has furnished him information in the past that has proved to be reliable and true. The Confidential Informant advised that he has been in the residence of Gerald F. McKnight, . . . during the past 72 hours and that there had been a chemical process going on known as a "Cook" for the purpose of manufacturing a controlled substance known to the CI to be methamphetamine. The informant has given information on methamphetamine cooks and chemicals before and is familiar with the chemicals and processes used to manufacture methamphetamine. The CI further stated that the substance had been thru the final stages of manufacturing and had been "powdered out" into crystal methamphetamine. The CI further stated that the substance known to him to be methamphetamine was now hidden in an out building on the property.

953 F.2d 898, 904-05 (5th Cir. 1992), *cert. denied*, 504 U.S. 989 (1992).

The Fifth Circuit concluded that the affidavit set forth sufficient details regarding the informant's presence at McKnight's residence and his observations therein by which a magistrate could judge whether the information had a sufficient basis of knowledge of the operations being conducted at McKnight's residence. *Id.* The Fifth Circuit further held that the officer's assertion in the affidavit that the confidential informant was "reliable" and had "furnished him with information in the past that has proved to be reliable and true" provided the magistrate with sufficient indicia of the reliability and veracity of the informant's tip. *Id.* at 905.

Similarly, in *Christian v. McKaskle*, the Fifth Circuit held that the following affidavit, containing less detail than the affidavit in *McKnight*, was sufficient to establish probable cause:

> On this day an informant, whose name is withheld for security reasons, told affiant that said suspected party is now keeping and possessing what the affiant believed to be methamphetamine in said suspected vehicle and stated to affiant as an underlying

8

> circumstance supporting that conclusion that with[sic] the past 24 hours, such informant saw controlled substance. Affiant believes that this information given them is reliable and that such information is credible for the following reason: such informant, on two separate occasions during the past year, gave affiant accurate reports about law violatons.

731 F.2d 1196, 1198 (5th Cir. 1984). The Fifth Circuit found the language of the affidavit, that the informant had proven to be a reliable source of accurate information about illegal activity, was sufficient to establish his credibility. *McKaskle*, 731 F.2d at 1200. Further, the fact that the informant had personally observed a specific drug in the suspect's car within the past twenty-four hours, without further details as to how it was known that the substance was methamphetamine, was sufficient to conclude "that the affidavit contained sufficient assertions regarding the informer's base of knowledge." *Id.*

In this case, the affidavit for search warrant refers to the personal observations of a confidential informant who had seen cocaine at the suspect location within the 48 hours prior to applying for a search warrant. Though Defendant argues that the affidavit does not specifically tie the possession of the cocaine to the suspect at that particular location, the Court declines to impose such a technical reading. While it is certainly true that the affidavit lacks details, and while the affiant, a peace officer with 24 years of experience, could have likely provided at least some corroborating information, the Court finds that the information contained in the affidavit was sufficient to provide the magistrate with a substantial basis to conclude that a search would uncover evidence of wrongdoing. *See Jones*, 362 U.S. at 271; *see also United States v. Wylie*, 919 F.2d 969, 974 (5th Cir. 1990) (stating that, though an affidavit may lack factual assertions showing direct evidence of a criminal scheme or contraband, the magistrate is permitted to draw "common sense" conclusions from the facts alleged in making a probable cause determination).

Moreover, in line with the cases discussed above, the fact that the confidential informant was known to the affiant and had provided credible and reliable information in the past on the type of crime at issue is an important factor in determining whether the affidavit contained indicia of probable cause so as to fall outside the "bare bones" category. Therefore, the Court concludes that the affidavit at issue is not bare bones and that the police could rely on the search warrant in good faith as set forth in *Leon*.[1]

## CONCLUSION

For the reasons stated above, the Court concludes that the affidavit is not a "bare bones" affidavit. Because the officers relied upon a facially valid search warrant, the Court finds the *Leon* good-faith exception applies, so that the evidence obtained as a result of the search is admissible. Therefore, the Court RECOMMENDS that Defendant's Motion to Suppress Evidence be DENIED.

A party's failure to file objections to the findings, conclusions, and recommendations contained in this Report within ten days after service with a copy thereof shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States*

---

[1] The Court also notes that there are several recent cases, while not published, where the Fifth Circuit has upheld search warrants based on affidavits similar to the one at hand. *See, e.g., United States v. Cotton*, 157 Fed. Appx. 725 (5th Cir. 2005) (holding that an affidavit nearly identical to the affidavit in *McKnight* was not "bare bones" so that the good-faith exception applied); *United States v. Trejo*, 54 Fed. Appx. 414 (5th Cir. 2002) (citing *McKnight* and *McKaskle* and holding that the affidavit supporting the search warrant was not bare bones because it stated that the officer had "received information from a reliable and credible individual . . . who in the past has given this officer reliable information which has proven to be true and correct as to the trafficking in controlled substances" and because the confidential informant had "seen Trejo in possession of cocaine within the previous 24 hours at the location described in the affidavit").

*Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 23rd day of August, 2006.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE